```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


ANTON RASHAD BLANDIN,

                    Plaintiff,

vs.                                    Case No. 2:07-cv-691-FtM-29DNF

COUNTY OF CHARLOTTE, CHARLOTTE
COUNTY JAIL, STATE OF FLORIDA, CITY
OF PUNTA GORDA, PUNTA GORDA POLICE
DEPARTMENT, and SHERIFF BILL
CAMERON, HARVEY AYERS, and TREY
FREDIRICHI,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) Defendants City of Punta Gorda, Punta Gorda Police Department, Harvey Ayers and Trey Fredirichi's Motion to Dismiss and Strike Second Amended Complaint (Doc. #59); (2) Motion to Dismiss Plaintiff's Second Amended Complaint by the Defendant State of Florida (Doc. #60); (3) Defendant John Davenport's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #67); (4) Defendant Charlotte County Jail's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #68); and (5) Defendant Ayers and Fredirichi's Motion to Quash and/or Motion to Dismiss (Doc. #87). On January 6, 2009, plaintiff was advised of the need to respond to

the motions, and was given until February 6, 2009 to do so. (Doc. #75.) Plaintiff has not filed a response to any of these motions.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id. Dismissal is also warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual

allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Eleventh Circuit imposes "heightened pleading requirements" for 42 U.S.C. § 1983 cases which involve individuals entitled to assert qualified immunity. Passmore Swann v. S. Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## II.

In the Second Amended Complaint (Doc. #58), plaintiff Anton Rashad Blandin ("plaintiff" or "Blandin") alleges that his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated by the use of excessive force during his arrest. Plaintiff describes the events as follows (Doc. #58, pp. 8-13): On the evening of March 16, 2006, plaintiff agreed to sell cocaine to Clayton Myers and agreed to meet Myers at a certain location in the City of Punta Gorda. While waiting at the location, plaintiff saw police lights surrounding him and heard shouts of "don't move or I will shoot."

Plaintiff "took off running" as the police continued to yell for him to stop or they would shoot. Plaintiff continued to run, and did so until he unknowingly ran into a fenced-in area. At that location, he was apprehended by Detective Trey Fredirichi, who pulled plaintiff by his shirt from behind and slammed him to the ground.

As plaintiff was lying on his side, he saw Officer Harvey Ayers approach. Officer Ayers handcuffed plaintiff and started to search him. Officer Ayers stood up and then came down on the center of plaintiff's back with his knees first, while asking plaintiff where the "dope" was. Plaintiff asked what Officer Ayers was talking about, and Detective Fredirichi then sprayed plaintiff with pepper spray for 2-3 seconds. Plaintiff turned his head from side to side to avoid the pepper spray, at which point the officers started punching plaintiff while his hands were still behind his back. Plaintiff was hit in the back of the head, and then one of the officers put a knee to plaintiff's head and rolled plaintiff's head on the ground. Plaintiff was also hit in the ribs and the side of his head and face. After the beating, the officers squeezed the handcuffs more tightly and made plaintiff stand up by pulling his arms up from behind.

The officers called the fire department to the scene, and Detective Fredirichi used a small hose to wash off the pepper spray. The water caused the pepper spray to burn worse, and Detective Fredirichi began aiming the water straight up plaintiff's

nose.  Plaintiff was placed into a police car and taken to the police department, where he was questioned.  Plaintiff was allowed to make a telephone call, and Detective Frederichi took a picture of plaintiff's face at plaintiff's request.  Plaintiff was left alone in the interview room for about two hours, and then transported to the jail.  Plaintiff was not taken to a first appearance until March 18, 2006.

**III.**

**A. Defendants City of Punta Gorda, Punta Gorda Police Department, Harvey Ayers and Trey Fredirichi's Motion to Dismiss and Strike Second Amended Complaint (Doc. #59)**

**(1) Constitutional Right at Issue:**

Defendants argue that the Fifth, Eighth and Fourteenth Amendments do not apply to the excessive force claim set forth in the Second Amended Complaint.  The Court agrees, but will construe the Second Amended Complaint as having been brought under the Fourth Amendment, in light of the liberal review given a *pro se* plaintiff's pleadings.

"Any claim that a law enforcement officer used excessive force--whether deadly or not--during a seizure of a free citizen must be analyzed under the Fourth Amendment's 'reasonableness.'" Garczynski v. Bradshaw, No. 08-16100, 2009 WL 1929191, at *7 (11th Cir. 2009) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)).  The Eighth Amendment clearly does not apply, since plaintiff was not a convicted prisoner at the time of the alleged use of

excessive force. Whitley v. Albers, 475 U.S. 312, 318-26 (1986). A pretrial detainee's claim of excessive force is analyzed under the substantive due process provision of the Fourteenth Amendment, Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005), but plaintiff was not a pretrial detainee at any time at issue in this case. The Fifth Amendment applies to federal government actions, not state actions. Therefore, the Court will deem the claim to be brought under the Fourth Amendment and dismiss the claims under the Fifth, Eighth, and Fourteenth Amendments against all defendants.

**(2) Qualified Immunity:**

Defendants Ayers and Fredirichi also seek to dismiss the Second Amended Complaint based upon their entitlement to qualified immunity. Plaintiff can only establish a claim under the Fourth Amendment against the officers in their individual capacities if the officers are not entitled to qualified immunity. Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005).

To be eligible for qualified immunity, defendants must first prove that they were acting within the scope of their discretionary authority when the allegedly wrongful act occurred. Mercado, 407 F.3d at 1156; Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003). The facts alleged in the complaint clearly satisfy the first requirement. The burden then shifts to plaintiff to show that qualified immunity is not appropriate. Mercado, 407 F.3d at 1156; Wood, 323 F.3d at 877.

The Court conducts a two-part inquiry to determine whether qualified immunity is appropriate. Harris v. Coweta County, 406 F.3d 1307, 1313-14 (11th Cir. 2005); Garrett, 378 F.3d at 1278-79; Dahl v. Holley, 312 F.3d 1228, 1233 (11th Cir. 2003). First, the court determines whether the facts, viewed in the light most favorable to plaintiff, show that the officer's conduct violated a constitutional right. Brosseau v. Haugen, 543 U.S. 194, 197 (2004); Hope v. Pelzer, 536 U.S. 730 (2002); Saucier, 533 U.S. at 201. The second inquiry is whether, at the time of the violation, the constitutional right was clearly established in light of the specific context of the case, not simply as a broad proposition. Brosseau, 543 U.S. at 198-99; Dahl, 312 F.3d at 1233. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Brosseau, 543 U.S. at 199.

Defendants fail to discuss their qualified immunity defense as it relates to a Fourth Amendment claim. Because the Court has now deemed the claim to be one of excessive force under the Fourth Amendment, the Court will deny this aspect of the motion to dismiss but will allow the filing of a supplemental motion to dismiss to address this issue.

**(3) Municipal and Police Department Liability:**

The City of Punta Gorda and the City of Punta Gorda Police Department allege that the Second Amended Complaint fails to state a claim as to either of them.  The Court agrees.

Municipalities may be held liable under § 1983, but the municipality itself must have caused the constitutional violation at issue, and it cannot be liable on a vicarious liability theory. Skop v. City of Atlanta, 485 F.3d 1130, 1145 (11th Cir. 2007) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978)); City of Canton v. Harris, 489 U.S. 378 (1989).  Therefore, to establish municipal liability plaintiff must show that: (1) his constitutional right was violated; (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional right, and (3) the policy or custom caused the violation of his constitutional right. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  Plaintiff can establish the requisite "official policy" in one of two ways: (1) identifying an officially promulgated policy, or (2) identifying an unofficial custom or practice, usually shown through the repeated acts of the final policymaker of the entity. Grech v. Clayton County, 335 F.3d 1326, 1320-30 (11th Cir. 2003).  The policy or custom must be the moving force of the constitutional violation.  Grech, 335 F.3d at 1330. See also Board of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  The Second Amended Complaint fails to allege any basis for liability by the City of Punta Gorda.

The Eleventh Circuit has noted that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). However, "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Id. (citing FED.R.CIV.P. 17(b)). Under Florida law, municipalities have the power to sue and be sued, see art. VIII, § 2(b), FLA. CONST.; FLA. STAT. § 166.021, but this does not necessarily extend to a police department. "Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)). Florida courts have consistently found that City Police Departments are *not* entities capable of suit. See Eddy, 715 F. Supp. 1553; Post v. City of Ft. Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990), rev'd and remanded on other grounds, 7 F.3d 1552 (11th Cir 1993), modified, 14 F.3d 583 (11th Cir. 1994); Pierre v. Schlemmer, 932 F. Supp. 278 (M.D. Fla. 1996); Florida City Police Dep't v. Corcoran, 661 So. 2d 409 (Fla. 3d DCA 1995). The Second Amended Complaint fails to allege any basis under which the City of Punta Gorda Police Department would be an entity capable of being sued.

Accordingly, Defendants City of Punta Gorda, Punta Gorda Police Department, Harvey Ayers and Trey Fredirichi's Motion to

Dismiss and Strike Second Amended Complaint (Doc. #59) will be granted in part and denied in part.

**B. Motion to Dismiss Plaintiff's Second Amended Complaint by the Defendant State of Florida (Doc. #60)**

The State of Florida argues that the Second Amended Complaint must be dismissed based upon the Eleventh Amendment to the United States Constitution. The Court agrees.

The Eleventh Amendment precludes suits by citizens against their own States in federal court. Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Miccosukee Tribe of Indians v. Florida State Ath. Comm'n, 226 F.3d 1226, 1231 (11th Cir. 2000). Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued. Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45 (1979); Cross v. Alabama Dep't of Mental Health & Mental Retardation, 49 F.3d 1490 (11th Cir. 1995).[1] Additionally, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983. Gamble v. Florida Dep't of Health &

---

[1]As the Eleventh Circuit has noted, "States and their officials no longer need to rely exclusively on eleventh amendment immunity to avoid liability in their official capacities in section 1983 cases" because Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), "held that states and state officials acting in their official capacities are not 'persons' subject to liability under 42 U.S.C. § 1983." Carr, 916 F.2d at 1525 n.3.

Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986); Schopler v. Bliss, 903 F.2d 1373, 1379 (11th Cir. 1990). Further, Florida has not waived its Eleventh Amendment immunity from suit in federal court. FLA. STAT. § 768.28(17). Therefore, the motion to dismiss will be granted.

**C. Defendant John Davenport's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #67)**

The Sheriff seeks to dismiss because the Second Amended Complaint fails to state a claim against him in either his official or individual capacity. The Court agrees.

As to a defendant in his official capacity, plaintiff must establish that: (1) his harm was caused by a constitutional violation, and (2) the defendant in his official capacity is responsible for that violation. Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). The Second Amended Complaint fails to allege any custom, policy, practice, or procedure of the Sheriff's Office which was the moving force behind the alleged excessive force. Therefore, no official capacity claim has been stated. Additionally, no facts concerning the Sheriff are set forth in the Second Amended Complaint, and therefore it fails to state a claim against the Sheriff in his individual capacity. Thus, Defendant John Davenport's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #67) will be granted.

**D. Defendant Charlotte County Jail's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #68) and Charlotte County**

The Charlotte County Jail is a building, not an entity capable of being sued. The motion to dismiss will be granted.

Additionally, Charlotte County is named in the case caption but is not identified as a defendant. If Charlotte County was intended to be a defendant, the Second Amended Complaint will be dismissed against it because there are no facts which plausibly state a claim against Charlotte County.

**E. Defendant Ayers and Fredirichi's Motion to Quash and/or Motion to Dismiss**

These defendants move to dismiss the Second Amended Complaint or quash service because process was mailed to them instead of being properly served. However, these defendants filed a prior motion to dismiss, which did not raise this issue. Therefore, the issue of service of process is waived. FED.R.CIV.P. 12(h)(1); Palmer v. Braun, 376 F.3d 1254, 1258-59 (11th Cir. 2004). Therefore, the motion will be denied.

Accordingly, it is now

**ORDERED:**

1. Defendants City of Punta Gorda, Punta Gorda Police Department, Harvey Ayers and Trey Fredirichi's Motion to Dismiss and Strike Second Amended Complaint (Doc. #59) is **GRANTED in part and DENIED in part.** The Second Amended Complaint is dismissed as to the City of Punta Gorda and the Punta Gorda Police Department.

The Second Amended Complaint is dismissed as to Harvey Ayers and Trey Fredirichi to the extent that it alleges violations of the Fifth, Eighth and Fourteenth Amendments. The Second Amended Complaint will be deemed to allege a violation under the Fourth Amendment, and the motion to dismiss this claim by Harvey Ayers and Trey Fredirichi is denied, with leave to file a motion to dismiss addressing the claim as a Fourth Amendment claim within **TWENTY (20) DAYS** of the date of this Opinion and Order.

2. Motion to Dismiss Plaintiff's Second Amended Complaint by the Defendant State of Florida (Doc. #60) is **GRANTED**, and the Second Amended Complaint is **dismissed** with prejudice.

3. Defendant John Davenport's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #67) is **GRANTED**, and the Second Amended Complaint is **dismissed** with prejudice.

4. Defendant Charlotte County Jail's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #68) is **GRANTED**, and the Second Amended Complaint is **dismissed** with prejudice.

5. Defendant Ayers and Fredirichi's Motion to Quash and/or Motion to Dismiss (Doc. #87) **DENIED**.

6. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of August, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Parties of record