```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

ANTON RASHAD BLANDIN,

                Plaintiff,

vs.                          Case No. 2:07-cv-691-FtM-29DNF

COUNTY OF CHARLOTTE, HARVEY AYERS,
and TREY FREDIRICHI,

                Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendants Harvey Ayers and Trey Fredirichi's Motion to Dismiss Plaintiff's Fourth Amendment Claim in Response to Court's Order of 8/24/09 (Doc. #97) filed on September 14, 2009. Plaintiff was provided an additional opportunity to respond, Doc. #101, but did not file a response within the time provided.

     On August 24, 2009, the Court entered an Opinion and Order (Doc. #96) dismissing the Second Amended Complaint (Doc. #58) as to the City of Punta Gorda, Punta Gorda Police Department, the State of Florida, Sheriff John Davenport, Charlotte County Jail and Charlotte County, to the extent named, and Harvey Ayers and Trey Fredirichi to the extent allegations were brought under the Fifth, Eighth and Fourteenth Amendments. The Second Amended Complaint was deemed to allege a violation under the Fourth Amendment, and defendants Harvey Ayers and Trey Fredirichi were granted leave to file a motion to dismiss addressing the claim in this context. The

current motion seeks to dismiss the Second Amended Complaint based upon qualified immunity principles.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id. Dismissal is also warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual

allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

The Eleventh Circuit imposes "heightened pleading standard" for § 1983 cases which involve individuals entitled to assert qualified immunity. Amnesty Int'l v. Battle, 559 F.3d 1170, 1179 (11th Cir. 2009). "To state a claim under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law. [ ] Additionally, because the defense of qualified immunity should be resolved at the earliest possible procedural moment, the complaint must allege sufficient facts for the court to determine whether the alleged constitutional violation was clearly established at the time of the incident." Battle, 559 F.3d at 1179 (internal citations and quotations omitted). See also Epps v. Watson, 492 F.3d 1240, 1243 (11th Cir. 2007). "To satisfy even the heightened pleading standard for § 1983 claims, [plaintiff] need plead only "some factual detail" from which the court may determine whether Defendants' alleged actions violated a clearly established constitutional right. [ ] The heightened pleading standard does not require a complaint to cite cases demonstrating that the defendant is not entitled to qualified immunity." Battle, 559 F.3d at 1180 (citation omitted).

**II.**

"An official seeking qualified immunity must initially establish that he was acting within his discretionary authority. If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff." McClish v. Nugent, 483 F.3d 1231, 1237 (11th Cir. 2007). It is clear from the allegations that both individual officers were acting within their discretionary authority.

To defeat defendants' claim of qualified immunity, the Court conducts a two-step inquiry. Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008). First, the Court determines whether the facts, viewed in the light most favorable to plaintiff, show that the officer's conduct violated a constitutional right. Brosseau v. Haugen, 543 U.S. 194, 197 (2004); Hope v. Pelzer, 536 U.S. 730 (2002); Saucier v. Katz, 533 U.S. 194, 201 (2001). The second inquiry is whether, at the time of the violation, the constitutional right was clearly established in light of the specific context of the case, not simply as a broad proposition. Brosseau, 543 U.S. at 198-99.[1]

"Any claim that a law enforcement officer used excessive force -- whether deadly or not -- during a seizure of a free citizen must be analyzed under the Fourth Amendment's 'reasonableness.'"

---

[1] The questions do not necessarily have to be answered in this order, but it is beneficial in most cases. Crenshaw v. Lister, 556 F.3d 1283, 1290 (11th Cir. 2009)(citing Pearson v. Callahan, 129 S. Ct. 808, 818-19 (2009)).

Garczynski v. Bradshaw, 573 F.3d 1158, 1166 (11th Cir. 2009) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). Since even *de minimis force* is a violation of the Fourth Amendment if the officer did not have probable cause to arrest or detain the suspect, Zivojinovich v. Barner, 525 F.3d 1059, 1071 (11th Cir. 2008), the first inquiry is whether such probable cause existed. The Court agrees with defendants that the factual allegations in the Second Amended Complaint clearly show the existence of probable cause.

In this circumstance, the Court analyzes a claim of excessive force under the Fourth Amendment's "objectively reasonable" standard, asking the question "whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1346-47 (11th Cir. 2002). This analysis requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight, (4) the need for the application of force, (5) the relationship between the need and the amount of force used, (6) the extent of the injury inflicted and, (7) whether the force was applied in good faith or maliciously and sadistically. Hadley, 526 F.3d at 1329.

Taking plaintiff's allegations as true, plaintiff arranged to meet at a car wash to sell one ounce of cocaine for $1,100.00. While waiting at the car wash and washing a car, the police appeared with lights, and said "don't move or I will shoot." Plaintiff "took off running" and continued to run as the police followed and continued to warn that they would shoot. Plaintiff stumbled into the middle of U.S. 41, made it across, and behind a building where he hit a fenced-in area with no exit. The chase ended there. Plaintiff was then slammed to the ground by Detective Fredirichi, and along with Detective Ayers, they cuffed and searched plaintiff. Detective Ayers stood up and then came back down on plaintiff's back with his knee while asking the location of the drugs. Receiving no response, Detective Fredirichi tried to use pepper spray on plaintiff. Plaintiff turned his head away so they started punching him and dazed him with a blow to the head. Ayers said it was not him who hit plaintiff in the head, so plaintiff responded that it was the "Dogg Catcher hit me", which prompted the Detective or Detectives to roll his face in the ground with a knee to the head. Plaintiff received blows to the ribs, head, and face, while the pepper spray was burning the eyes. The Detectives squeezed the cuffs tighter, stood him up by pulling his arms, and told him to "shut up you gold teeth motherfucker." The fire department arrived and Detective Fredirichi hosed the pepper spray off plaintiff, and completed the search with him standing up and found the drugs on his person.

The Eleventh Circuit has recently collected cases in which it has either dismissed or allowed excessive force claims to proceed. <u>Sanchez v. Hialeah Police Dep't</u>, No. 09-11821, 2009 WL 4829872 (11th Cir. Dec. 16, 2009). In applying those various cases to the facts set forth in the Second Amended Complaint, the Court finds that this case most closely resembles those cases which have been dismissed. The Court finds that the Detectives' conduct was objectively reasonable, that no excessive force claim is plausible, and that under the facts plead defendants Ayers and Fredirichi are entitled to qualified immunity. This was a situation with an active felony in progress involving a large quantity of drugs. Plaintiff fled the scene into a major highway in order to evade arrest after being told not to move. Plaintiff accidently found himself at a dead-end location, was placed on the ground face down, and handcuffed with two officers present when the pepper spray was applied. Plaintiff does not allege that he had been compliant with the requests of the officers or that he had stopped resisting, and the search of his person was not complete at the time. Plaintiff has identified no lasting or permanent injury, and the use of pepper spray is not *per se* unreasonable. <u>See</u> <u>Vinyard</u>, 311 F.3d at 1348("pepper spray is a very reasonable alternative to escalating a physical struggle with an arrestee.").

Accordingly, it is now

**ORDERED:**

1. Defendants Harvey Ayers and Trey Fredirichi's Motion to Dismiss Plaintiff's Fourth Amendment Claim in Response to Court's Order of 8/24/09 (Doc. #97) is **GRANTED** and the Second Amended Complaint is dismissed as to defendants Harvey Ayers and Trey Fredirichi with prejudice.

2. Finding no claims or defendants which remain pending, it is further ordered that the Clerk shall enter judgment as provided in favor of defendants Harvey Ayers and Trey Fredirichi on the Fourth Amendment claim and as provided by the August 24, 2009 Opinion and Order (Doc. #96).

3. The Clerk is further directed to terminate all pending motions and deadlines as moot, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of January, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Parties of record